## JAHNCKE SERVICE, Inc., v. BECHTEL.
### No. 14381.

Court of Appeal of Louisiana. Orleans.

June 29, 1933.

Dart & Dart and Louis C. Guidry, all of New Orleans, for appellant.

Pomes & McCabe, of New Orleans, for appellee.

HIGGINS, Judge.

This is a suit for the sum of $375, alleged to be the balance due on an open account for certain rubber tile flooring furnished and installed by the plaintiff for the account of the defendant on September 23, 1926.

Defendant denied liability, averring that the plaintiff failed to install the tile in a workmanlike manner on the ground floor of the apartment building, and upon protest the matter was fully compromised and settled between the parties, plaintiff allowing the defendant a credit of $375 and agreeing to remove the defective tile so that a hardwood floor could be installed.

There was judgment dismissing the suit, and the plaintiff has appealed.

The evidence shows that the defendant and Mr. Mesmeyer were the owners of the property No. 1526 Louisiana avenue, and that the plaintiff agreed to install certain rubber tile on four different floors of the apartment building for the sum of $6,700; that the materials were furnished and installed by the plaintiff and the defendant paid on account thereof in cash the sum of $6,094.65, and was allowed a credit of $230.35 for certain tiles that were returned; that, at the time the tile floor was about to be placed in the hallway on the ground floor, the representative of the plaintiff complained that the boards of the subfloor were too rough and irregular, and required the defendant to have them planed and sanded so as to make a smooth surface, in order to properly lay the rubber tile flooring; that after the tiles were installed it appeared to be a workmanlike job; that about two or three months later the tiles became uneven on the surface and some of them began to curl up at the edges; that the defendant called plaintiff's attention to this condition, which resulted in plaintiff agreeing, in writing, on November 2, 1926, to remove the defective tiles and to allow a credit for the sum of $375 for the installation of a hardwood flooring; that the plaintiff never did remove the tile flooring, and during September, 1927, the defendant and his co-owner sold the building to Morris Hyman, with the defective flooring still in the building, giving him a reduction of $375 on the purchase price on account of this defect. This suit was filed on June 2, 1931.

There is no doubt that the parties compromised and settled the matter on the basis above set forth, but the whole difficulty arose because plaintiff claims that the defendant never did notify it when to remove the tiles and the defendant states that Mr. Arthur A. Aicklen, the representative of the plaintiff who handled the matter, failed to keep two appointments with himself and Mr. Sicord, who was to place the hardwood floor in the building after the rubber tiles were removed. The written compromise agreement clearly shows that the plaintiff undertook to remove the tiles. It was just as much the duty of plaintiff's representatives to attempt to make an engagement with the defendant as it was the defendant's obligation to make an appointment with them in order that the compromise agreement might be carried out. Plaintiff's witnesses do not claim that defendant refused to grant them permission to enter the premises, for the purpose of removing the tile, at any time. Mr. Aicklen simply denies the defendant's and Mr. Sicord's statements to the effect that he broke an appointment with them on two occasions. It is clear that defendant was never placed in default.

There are several letters in the record which the representatives of the plaintiff wrote to the defendant, after the compromise was effected, at two addresses in New Orleans and one in Jefferson parish, demanding payment of the account, and in one of these letters it is stated that the defendant had told Mr. Hellbach, the credit manager, that he did not owe the money because the matter had been settled, and that it was not his fault because the tiles had not been taken up by the plaintiff.

The defendant also states that Mr. Aicklen agreed to leave the tile flooring in the building because it would be practically worthless as secondhand tile because a great portion thereof would be broken due to the diffi-

culty of removing it from the cement that held it in place, but Mr. Aicklen contradicts him in that respect.

The evidence is conflicting on the issue as to whether or not the defendant agreed to pay the account subsequent to the compromise agreement, plaintiff's witness affirming that such a promise was made by the defendant, and he denying it.

Only issues of fact are involved, and we see no reason to differ with the conclusions of the trial court, particularly in view of the fact that the written compromise shows that the plaintiff undertook to remove the tiles and gives as its only excuse for not having done so that the defendant failed to notify its representatives when to come and get the tiles. It is not pretended by the plaintiff that the defendant at any time refused or declined to permit the plaintiff's employees to remove the tiles. They failed to take the initiative and cannot blame defendant for their indifference and laches.

For the reasons assigned the judgment appealed from is affirmed.

Affirmed.